IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKIA SANKOFA ASHANTI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | NO. CV 25-02459-AB (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT RECOMMEND DISMISSAL OF CERTAIN DEFENDANTS WITHOUT LEAVE TO AMEND** |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a First Amended Complaint ("FAC") against eight categories of defendants: (1) the United States of America, the President, and the Secretary of the Department of Housing and Urban Development ("Federal Defendants"); (2) the State of California, Governor Newsom, and Attorney General Rob Bonta ("State Defendants"); (3) Los Angeles County District Attorney Nathan Hochman; (4) City of Los Angeles Mayor Karen Bass; (5) Los Angeles County Board of Supervisors, Supervisor Hilda Solis, Supervisor Holly Mitchell, Supervisor Lindsay Horvath, Supervisor Janice Hahn, and Supervisor Kathryn Barger

1

("Board of Supervisors Defendants"); (6) Los Angeles County Sheriff Robert Luna; (7) Chief of the Los Angeles Police Department ("LAPD") Jim McDonnell; and (8) Barbara Romero, Director and General Manager, City of Los Angeles Bureau of Sanitation.  Each individual defendant is named in an official and individual capacity.  (Dkt. No. 19.)

For the reasons set forth below, the Court orders Plaintiffs to show cause, in writing, on or before **April 10, 2026**, why it should not recommend dismissal of the Federal Defendants, Defendant Bonta, and Defendant Hochman without leave to amend.

## I.

## <u>LEGAL STANDARDS</u>

The court has screened the FAC pursuant to 28 U.S.C. § 1915(e)(2).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citations omitted).

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The court reviews the complaint, materials that are the subject of judicial notice, and materials "submitted as part of the complaint."  *See Lee v. City of Los Angeles*, 250

2

F.3d 668, 688 (9th Cir. 2001); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A *pro se* complaint is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Plaintiffs proceeding *pro se* should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Nevertheless, "district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

## II.

## DISCUSSION

### A.    Defendants Bonta and Hochman

The original complaint alleged that California Attorney General Rob Bonta and Los Angeles County District Attorney Nathan Hochman "refused or declined to file felony/misdemeanor charges against the tent/encampments." (Compl. ¶¶ 5-6, Dkt. No. 1.)

The FAC names Bonta and Hochman in (A) Claims Five and Six for "failure to execute federal/state constitutional and statutory laws to remove tent/RV-motorhome encampments from the sidewalks and streets"; (FAC at 9-10); (B) Claims Seven and Eight for failure to file civil/criminal charges, indict, and prosecute homeless encampments (*Id.* at 10-11); and (C) Claims Thirteen and Fourteen for failure to eliminate and dismantle encampments that violate trespassing, littering and loitering laws (*Id.* at 13-14). The requested relief includes, among other things, a request that the

3

Government issue citations, arrest, indict (felony/misdemeanor), and detain any person who illegally erects tents or RV motorhome encampments on a street, sidewalk, bus bench, alley way, parking lot, or freeway bridges/offramps.  The request for relief also requests that the Government remove non-citizens from encampments for deportation or other proceedings.  (*Id.* at 16 ¶¶ (h), (i), (j), (n).)

Plaintiff does not have a stand-alone federal right to the prosecution of another person or entity.  A "citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" and "lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  This principle applies to the "exercise of enforcement discretion over whether to arrest or prosecute." *Id.* at 617; *see Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 897 (1984) (no judicially cognizable interest in procuring enforcement of immigration laws); *see also United States v. Texas*, 599 U.S. 670, 673 (2023) (same).  Although Plaintiff cites *City of Grants Pass v. Johnson*, 603 U.S. 520 (2024), that decision held that the Eighth Amendment did not prohibit Oregon's public-camping laws.  Nothing in *Grants Pass* altered the principle in *Linda R.S.* and its progeny.

The result is the same under California law.  "[N]either a crime victim nor any other citizen has a legally enforceable interest, public or private, in the commencement, conduct, or outcome of criminal proceedings against another." *Dix v. Superior Court*, 53 Cal. 3d 442, 450 (1991).  "Except as specifically provided by law, a private citizen has no personal legal interest in the outcome of an individual criminal prosecution against another person." *Id.* at 451.

4

Therefore, the complaint fails to state federal or state claims for relief against Defendants Bonta or Hochman.  Nor does it appear that Plaintiff can cure this deficiency by amendment.

### B.    Federal Defendants

The FAC names the United States of America, the President, and the Secretary of the Department of Housing and Urban Development ("HUD") in Claims One through Six. Plaintiff sues the Federal Defendants for failing to exercise eminent domain to house the homeless in violation of due process (Claim One) and equal protection (Claim Two), failing to shelter the homeless in stadium-type facilities or civil/criminal detention centers in violation of due process (Claim Three) and equal protection (Claim Four), and failing to remove encampments in violation of due process (Claim Five) and equal protection (Claim Six).[1]

Plaintiff alleges that he lives in the Skid Row area of Los Angeles.  (FAC at 4.) The FAC does not allege any factual basis to impose liability on the part of the United States, the President of the United States, or the Secretary of HUD over homeless encampments in the Skid Row area.

The FAC does not allege that the encampments about which he complains are on federal property.  *See City of Grants Pass v. Johnson*, 603 U.S. 520, 533 (2024) (noting federal government has public camping laws on federal park lands and has used authority to clear certain dangerous encampments on federal land).  Moreover, absent express waiver, sovereign immunity shields the United States from suit.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The Federal Tort Claims Act ("FTCA") provides a limited

---

[1]   Although the FAC also cites the Americans with Disabilities Act ("ADA"), the ADA does not apply to the federal government.  42 U.S.C. § 12131 (defining "public entity" to mean state or local government).

waiver of sovereign immunity, but for "'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" 28 U.S.C. § 1346(b)(1)); *Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) (constitutional torts "are not actionable under the FTCA because any liability would arise under federal rather than state law").

Under *Bivens*, claims for monetary relief may be brought against individual federal officials for constitutional violations under limited circumstances. *Egbert v. Boule*, 596 U.S. 482, 491-93 (2022). Even assuming the court would recognize *Bivens* claim in this context (a doubtful proposition), Plaintiff fails state any plausible claim for relief for a violation of due process or equal protection. To state a claim for a due process violation, Plaintiff must allege "'(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process.'" *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011) (citation omitted). Here, Plaintiff fails to allege any deprivation by a federal official of a liberty or property interest protected by the constitution. Indeed, the complaint fails to allege that any homeless encampment about which Plaintiff complains is on federal property and fails to allege any involvement by a federal official. Plaintiff's equal protection claim under the Fifth Amendment[2] fails for the same reason: the FAC fails to allege that a federal official has discriminated against him.

---

[2]   The Supreme Court's approach to Fifth Amendment equal protection claims against the federal government "has always been precisely the same as to equal
(continued…)

6

**III.**

**ORDER TO SHOW CAUSE**

For the reasons set forth above, IT IS ORDERED that Plaintiffs show cause, in writing, on or before ***April 10, 2026***, why the Court should not recommend dismissal of the claims against the Federal Defendants, Defendant Bonta and Defendant Hochman without leave to amend.

If Plaintiff does not timely respond to this order to show cause, the Federal Defendants and Defendants Bonta and Hochman may be dismissed without leave to amend.  The case will proceed against other defendants.

DATED: March 10, 2026    _____

ALICIA G. ROSENBERG
United States Magistrate Judge

_____

(…continued)
protections claims under the Fourteenth Amendment" against the states.  *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975).

7